**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kevin Burgess, Appellant.

Appellate Case No. 2010-176347

Appeal From Florence County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No. 2012-UP-664
Submitted November 1, 2012 – Filed December 19, 2012

**AFFIRMED**

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Deputy Attorney General David A. Spencer, all of Columbia; and Solicitor E.L. Clements, III, of Florence, for Respondent.

**PER CURIAM:** Kevin Burgess appeals his conviction of assault with intent to kill, arguing the trial court erred in (1) denying his request for a mistrial for witness "pitting" and (2) refusing to issue a jury charge under section 16-11-440 of the South Carolina Code (Supp. 2011), the Protection of Persons and Property Act. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in denying Burgess's motion for a mistrial for witness "pitting": *State v. Herring*, 387 S.C. 201, 216, 692 S.E.2d 490, 498 (2009) ("The grant of a motion for a mistrial is an extreme measure which should be taken only where an incident is so grievous that the prejudicial effect can be removed in no other way."); *id.* ("Generally, a curative instruction to disregard the testimony is deemed to have cured any alleged error.").

2.  As to whether the trial court erred in refusing to issue a jury charge under the Protection of Persons and Property Act: *State v. Commander*, 396 S.C. 254, 270, 721 S.E.2d 413, 422 (2011) ("A jury charge is correct if, when the charge is read as a whole, it contains the correct definition and adequately covers the law."); *id.* ("To warrant reversal, a trial [court's] refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant.").

**AFFIRMED.**[1]

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.